IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Redhawk Global, LLC, | : | |
| Plaintiff | : | Civil Action 2:11-cv-666 |
| v. | : | Judge Sargus |
| World Projects Int'l, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

On February 16, 2012, Plaintiff caused to be issued by the United States District Court for the Northern District of Illinois a subpoena *duces tecum* served upon nonparty Stevenson Company, of Evanston, Ill. (Doc. 35-1.) Now before the Court is the motion of Defendants to quash this subpoena. (Doc. 35.)

However, the subpoena in question did not issue from this court. Fed. R. Civ. P. 45(a)(2) contemplates that subpoenas may issue from courts other than the one in which the action is pending. Contrary to Defendants' argument, it is proper procedure under Rule 45 for a party to serve a subpoena issuing from another court but bearing the caption of the original action. *See, e.g., Avante Intern. Tech. Corp. v. Diebold Election Systems*, 2007 WL 2688238 at *2 (N.D. Ohio Sept. 11, 2007); *King Lincoln Bronzeville Neighborhood Assoc. v. Blackwell*, 2010 WL 4813788 at *2 (S.D. Ohio Nov. 16, 2010). It is not necessary to open a miscellaneous action in the

other court to issue such subpoena; such actions are for *challenges* to subpoenas.

Furthermore, Defendants' argument that Plaintiff's counsel may not sign a subpoena issuing from the Northern District of Illinois, because he is not admitted to practice there, is inapposite. Rule 45(a)(3) specifically provides that an attorney may sign and issue a subpoena as an officer of a court where production is to be made, if he is authorized to practice in the court *where the action is pending*. Mr. Sharett is authorized to practice in this court.[1]

Defendants request that the Court quash this subpoena because it fails to comport with the requirements of Fed. R. Civ. P. 45, because the request is unduly burdensome, and because its purpose is to harass Defendants. Plaintiff counters that Defendants have no standing to move to quash a subpoena served upon a third party. Regardless of the merits of these arguments, this court has no jurisdiction to hear a challenge to a subpoena issued by the United States District Court for the Northern District of Illinois. "[A]ny disputes that arise over the subpoena of a nonparty are decided by the court that issued the subpoena." *U.S. ex rel. Pogue v.*

---

[1] Defendants' argument that the subpoena *duces tecum* at issue here is not "separate from a subpoena commanding a person's attendance" – and thus does not fall under Fed. R. Civ. P. 45(a)(2)(C) – because implicitly someone from Stevenson must "attend" the location of production is not well taken. Fed. R. Civ. P. 45(a)(1)(C) plainly contemplates that a command to produce documents need not be accompanied by a command to attend and testify, as does the tripartite structure of Rule 45(a)(2). A subpoena to permit the inspection of premises would not implicitly "command a person's attendance" merely because the keeper of the premises would be needed to unlock the door. Furthermore, a requirement that certain documents be caused to appear in Columbus does not demand personal delivery by an agent of the producing party.

*Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006), citing Fed. R. Civ. P. 42(c)(2)(B); *see also* Fed. R. Civ. P. 42(c)(3)("[o]n timely motion, the issuing court must quash or modify a subpoena...").

As the Court lacks jurisdiction to entertain this motion, it is **DENIED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>United States Magistrate Judge