IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Redhawk Global, LLC, | : | |
|     Plaintiff | : | Civil Action 2:11-cv-666 |
|   v. | : | Judge Sargus |
| World Projects Int'l, *et al.*, | : | Magistrate Judge Abel |
|     Defendants | : | |

**DISCOVERY ORDER**

This matter is before the Court pursuant to Plaintiff's Motion to Compel and for Discovery Sanctions (Doc. 37). Plaintiff Redhawk Global, LLC has brought suit against defendants World Projects International, Inc. ("WPI"), World Projects Services International, Inc. ("WPSI"), World Warehouse & Distribution, Inc. ("WWDI"), JRO Holding, Inc. ("JRO"), Interactive Logistics, Inc. ("Interactive"), John Rouse, Nicholas Jacomides, and Kevin O'Shea. Defendants WPI and WPSI are the subject of a bankruptcy proceeding currently pending in Texas. WPI and WPSI are subsidiaries of JRO, as was WWDI, until it was purchased by Interactive. Rouse, Jacomides, and O'Shea are the principals of JRO. Plaintiff alleged in its complaint that WPI and WPSI failed to pay for certain freight services provided to them by Redhawk for a construction project, and that the remaining defendants participated in a scheme to deprive Redhawk of payments originating from the project's owner, nonparty Foster-Wheeler North America.

At issue are certain interrogatories and requests for production of documents

promulgated by Plaintiff upon Defendants Rouse, O'Shea, Jacomides, and JRO. (Doc. 37-2.) Defendants responded to the discovery requests, although they raised certain legal objections and protestations that they were unable to comply. Plaintiff has now filed a motion to compel responses and for the imposition of sanctions upon the responding defendants. For the reasons set forth herein, the motion is **GRANTED IN PART**.

The central dispute here appears to be Defendants' representation that the documents or records responsive to, or containing information responsive to, several of Plaintiff's discovery requests are now in the possession of the WPI/WPSI Chapter 7 bankruptcy trustee. Plaintiff rejoins that "the Defendants cannot simply tell Redhawk to pound sand and chase the trustee in a bankruptcy proceeding in Texas for documents that Defendants are obligated to provide." (Doc. 46 at 4.)

Nevertheless, Defendants cannot be compelled to produce that which they do not have. If the bankruptcy trustee has taken possession of these records, and Defendants no longer have them, then they cannot comply with these requests. Plaintiff protests that Defendants have failed to provide it with information "relating to the scope of the documents apparently provided to the trustee", but none of Plaintiff's discovery requests seek an inventory of such documents. Plaintiff may, if it wishes, depose Defendants' custodians of records or other persons who supplied the bankruptcy trustee with the documents in question, to ascertain what these documents were. Plaintiff may also attempt to obtain these records from the bankruptcy trustee. Furthermore, Plaintiff may of course move – at the

appropriate time – to exclude the evidentiary use of any document which a defendant misrepresented that it could not produce.

However, Defendants have also raised what amounts to a blanket objection to nearly all discovery. Echoing their pending motion to dismiss (Doc. 32), they argue that Plaintiff lacks standing to bring certain claims, and that its discovery requests are intended merely for the purpose of harassment. (Doc. 41 at 5.) They suggest that, "[a]t a minimum, the Court should deny Plaintiff's Motion to Compel pending the Court's ruling on the dispositive jurisdictional and summary judgment motions." (*Id.*) A party cannot evade its responsibilities to comply with the discovery provisions of the Federal Rules of Civil Procedure by arguing, in effect, that it should not be put to the trouble of responding because it is going to win anyway. The Court has an obligation to manage its own case calendar and to encourage the expeditious resolution of litigation. Fed. Rs. Civ. P. 1, 16. No suggestion that discovery should be stayed pending the resolution of pending dispositive motions appears in the parties' Fed. R. Civ. P. 26(f) report, and the responding defendants made no request in their motion to dismiss for a stay of discovery. The Court will therefore overrule this objection to the extent that Defendants object on grounds of relevancy to discovery requests seeking material relating to the claims that they believe are without merit or are brought against defendants over whom this court has no jurisdiction.

Plaintiff states that the relief it requests under Fed. R. Civ. P. 37(a)(3)(B) is "that the Court compel Defendants to provide answers to certain Interrogatories

3

and provide documents in response to certain Requests for Production". The Court will evaluate those responses which Plaintiff objected in its letter of February 1, 2012.

>Interrogatory No. 5: Defendants' response that they no longer possess such documents is satisfactory to the extent set forth above.
>
>Interrogatory No. 19: Plaintiff's interrogatory is reasonably calculated to lead to the discovery of admissible evidence, given Plaintiff's claims that corporate entities were misused to commit a fraud. Defendants are **ORDERED** to supplement their response to identify, to the extent they are able, the dates of corporate defendants' shareholder meetings since January 1, 2010, and the agendas, votes, and resolutions in such meetings. The responding defendants are not required to supply information concerning Defendant Interactive, unless such information is in their possession.
>
>Interrogatory No. 22: Plaintiff's interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Defendants are **ORDERED** to respond to this interrogatory, to the extent they are able.
>
>Request for Production No. 1: Defendants are **ORDERED** to supplement their responses to this request to comply with the provisions of this Order and to produce all responsive nonprivileged documents in their possession.
>
>Request for Production No. 3: The Court rejects Defendants' contention that the disclosures required by Fed. R. Civ. P. 26(a)(3)(A)(iii) call for privileged information. They are **ORDERED** to, if they intend to introduce any documents or exhibits into evidence in this matter, comply with said rule.
>
>Requests for Production Nos. 7, 9, 10: Defendants are **ORDERED** to supplement their response to these requests to produce nonprivileged documents in their possession relating to materials identified in their supplemental response to Interrogatory No. 16.
>
>Request for Production No. 8: Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence. Defendants are **ORDERED** to produce all nonprivileged responsive documents in

4

their possession.

Requests for Production Nos. 11, 12, 13, 14, 15, 17, 23, 25: Defendants are **ORDERED** to supplement their responses to these requests to produce responsive nonprivileged documents in their possession.

Request for Production No. 16: Defendants are **ORDERED** to supplement their response to this request to produce responsive nonprivileged documents in their possession, although the scope of the request is limited to all years ending on and after December 31, 2010.

Requests for Production Nos. 18, 19, 20, 21: Defendants' responses are satisfactory.

Request for Production No. 22: It is not clear why this request is reasonably calculated to lead to discoverable information concerning any claim in this case. Except with respect to documents covered by Request No. 16, Defendants' objection on grounds of relevancy is sustained.

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), Plaintiff's request for an award of attorney fees is **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                              s/Mark R. Abel
                                              United States Magistrate Judge