IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Redhawk Global, LLC, | : | |
| Plaintiff | : | Civil Action 2:11-cv-00666 |
| v. | : | Judge Sargus |
| World Projects International, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Order

This matter is before the Magistrate Judge on proposed intervenor Rodney Tow's August 27, 2012 motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure (doc. 67). As a preliminary matter, defendants JRO Holding, Inc., John Rouse, Captain Nicholas Jacomides and Kevin O'Shea's September 6, 2012 motion to file a response to the proposed intervenor's reply brief (doc. 74) is GRANTED.

### I. Background

The complaint makes the following allegations. Plaintiff Redhawk Global, LLC ("Redhawk") brokers and finances overland shipping services. Defendant World Projects International, Inc. ("World Projects International") implements customized freight forwarding programs for various types of cargo. World Projects Services International, Inc. ("World Projects Services"), World Warehouse and Distribution, Inc. ("World Warehouse"), and Interactive Logistics, Inc., d/b/a NFI Interactive Logistics,

1

Inc. ("NFI"), are subsidiaries of defendant JRO Holding, Inc. JRO is controlled by defendants John Rouse, Captain Nicholas Jacomides, and Kevin O'Shea. The amended complaint also alleges that the individual defendants control World Projects, but at the preliminary pretrial conference defense counsel said that he has been told that World Projects is unrelated to the other defendants. During February-March 2011, World Projects International retained Redhawk to haul sixty loads to the Duke Energy-Zimmer Station in Moscow, Ohio. World Projects International, which was paid by its customer, owes Redhawk $214,750 for those shipments. On July 27, 2011 World Projects International, Inc. and World Project Services International, Inc. each filed voluntary petitions under chapter 7 in the United States Bankruptcy Court for the Southern District of Texas, under Case Nos. 11-36341 and 11-36343, respectively.

**II.     Arguments of the Parties**

**A.     Proposed Intervenor Rodney Tow's Motion to Intervene**

Proposed Intervenor, Rodney Tow, is the Chapter 7 trustee for World Projects International, Inc. ("WPI") and World Projects Services International, Inc. ("WPSI") The filing of the bankruptcy petitions stayed this action with respect WPI and WPSI, but it has proceeded as to the remaining defendants. After Rouse, Jacomides, O'Shea and JRO as controlling shareholders caused WPI and WPSI to file bankruptcy petitions, their counsel informed Redhawk's counsel that its claims for fraud, unjust enrichment, and piercing the corporate veil became the property of the trustee and that Redhawk lacked standing to prosecute such claims.

2

The trustee investigated the nature of the claims of fraud, unjust enrichment, and piercing the corporate veil asserted in the complaint against the shareholders of WPI and WPSI and maintains that he has standing to prosecute such claims against the shareholders on behalf of the bankruptcy estate. The trustee also concluded that he possesses other claims against the shareholders including claims for the avoidance of preferences and fraudulent transfers and for substantive consolidation. The trustee believes that he has a duty to pursue these claims for the benefit of the creditors of WPI and WPSI.

## B. Defendants' Memorandum in Opposition

Defendants JRO Holding, Inc. ("JRO"), John Rouse, Captain Nicholas Jacomides, and Kevin O'Shea argue that allowing the Trustee to intervene would be improper because this Court does not have personal jurisdiction over the defendants in an action brought by a trustee located in Texas against defendants located in Texas, Vermont and Washington. Defendants maintain that the motion to intervene is untimely and that it will suffer prejudice should the motion be granted.

Defendants also note that the proposed intervenor failed to attach its proposed second amended complaint referred to in the motion. Rule 24(c) of the Federal Rules of Civil Procedures requires a motion to intervene be accompanied by a pleading that sets out the claims for which intervention is sought.

3

### C. Proposed Intervenor's Reply

The proposed intervenor argues that personal jurisdiction already exists over the defendants in this case. The trustee maintains that it is clear that an analysis of whether defendants have minimum contacts with the forum state is not applicable when a plaintiff, such as a bankruptcy trustee, may utilize nationwide service of process under federal law. According to the trustee, this Court has original, but not exclusive, jurisdiction over all civil proceedings arising under or related to causes under Title 11. As a result, this Court has subject matter jurisdiction. Because subject matter jurisdiction exists in this Court, the trustee may utilize the procedures of the Federal Rules of Bankruptcy Procedure providing for nationwide service of process. The trustee argues that when a federal court siting with federal question jurisdiction exercises person jurisdiction pursuant to a national service of process provisions, its jurisdiction is nationwide and it need not rely on a forum state's long-arm statute to establish extraterritorial jurisdiction outside the forum state.

### D. Defendants' Response to the Reply of the Trustee

Defendants argue that this Court lacks personal jurisdiction over them. The proposed complaint fails to allege any jurisdictional facts demonstrating that the defendants are subject to personal jurisdiction of this Court. Defendants maintain that the trustee has confused the bankruptcy court rules for adversary proceedings with the requirements for personal jurisdiction in federal district court. Despite the trustee's assertion that this court has jurisdiction, the Sixth Circuit has repeatedly found that

service of process may not be equated to personal jurisdiction. Defendants contend that Bankruptcy Rule 7004 applies only to adversary proceedings which are required to be filed in the district where the cause under the Bankruptcy Code is pending. Furthermore, Bankruptcy Court rules do not trump the constitutional limits of due process on the exercise of personal jurisdiction.

### III.     Discussion

Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
. . .
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Rule 24(a) has been construed to require a party attempting to intervene to establish (1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and, (4) inadequate representation of that interest by parties already before the court. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Defendants assert that the trustee's motion to intervene is not timely and that they will be prejudiced if his motion is granted. Discovery has been stayed and the Court will not set a deadline for filing dispositive motions until a ruling on defendants' motion for dismiss has been made. Defendants have not demonstrated that permitting

5

the trustee to prosecute some of the claims originally brought by Redhawk will delay the proceedings or prejudice them. As a result, the trustee's motion is timely. The trustee has adequately demonstrated that he has a substantial legal interest in this case. Defendants have acknowledged that some of the claims originally brought be Redhawk are now the property of the bankruptcy estate. As a result, the trustee is now the real party in interest. The trustee has also shown that his ability to protect that interest will be impaired if he is not permitted to intervene and that the existing parties do not adequately represent his interests because the trustee has ownership of the claims.

Defendants maintain that this Court does not have personal jurisdiction over them. This issue is already before the Court in the pending motion to dismiss. I believe adjudication of the motion to dismiss is the best vehicle for determining whether this Court has jurisdiction over the defendants. Therefore, proposed intervenor Rodney Tow's August 27, 2012 motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure (doc. 67) is GRANTED. Intervenor is ORDERED to file a complaint in intervention within fourteen (14) days of the date of this Order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District

Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel  
United States Magistrate Judge